IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01654-PAB-KLM

ARCHIE ULM, and
LETICIA ULM,

      Plaintiffs,

v.

BANK OF AMERICA, N.A., and
REAL TIME RESOLUTIONS, INC.,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Real Time Resolutions, Inc.'s ("RTR")

**Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) and Incorporated**

**Memorandum of Law** [#8][1] (the "Motion").  Plaintiffs, who proceed as pro se litigants,[2] filed

a Response [#14] in opposition to the Motion and Defendant RTR filed a Reply [#17].  The

Motion has been referred to the undersigned for a recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c)(3).  *See* [#27].  The Court has reviewed the

---

[1] "[#8]" is an example of the convention the Court uses to identify the docket numbers assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Recommendation.

[2] The Court must construe the filings of pro se litigants liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a pro se litigant's advocate, nor should the court "supply additional factual allegations to round out [the pro se litigants'] complaint or construct a legal theory on [their] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#8] be **GRANTED**.

## I. Background

Plaintiffs initiated this action against Defendants RTR and Bank of America, N.A. ("BOA")[3] on June 29, 2018. *See Compl.* [#1]. Generally, Plaintiffs' claims concern a mortgage held by BOA on Plaintiffs' home located in Larimer County, Colorado. *See id.* ¶¶ 1, 5, 26. Although the Complaint [#1] does not make this clear, it appears that RTR acts as the loan servicer on behalf of BOA for Plaintiffs' mortgage.[4] *See id.* ¶¶ 6, 18; *Response* [#14] at 2.

At the outset, the Court notes that it is difficult to comprehend what specific allegations and claims Plaintiffs are attempting to assert against each Defendant. *See generally Compl.* [#1]. The Complaint consists of various pieces of information which Plaintiffs appear to have cobbled together from a variety of sources. *See generally id.* Plaintiffs refer to "Fraud," "Unfair Business Practices," and "Violations of the Colorado Fair Debt Collection Act" in the caption heading of their Complaint. *Id.* at 1. In one section, titled "Statute of Limitations," Plaintiffs appear to argue that the statute of limitations on an action concerning a promissory note commences when the acceleration clause of the note is invoked. *Id.* ¶ 6. In the next sentence, Plaintiffs allege that "RTR, presumably retained

---

[3] On August 22, 2018, Defendant BOA filed a Motion to Dismiss [#15]. A separate Recommendation will issue on that motion with respect to Plaintiffs' claims against BOA.

[4] Although the Complaint [#1] confusingly states that "RTR has been assigned by BOA," Plaintiffs clarify in their Response [#14] that BOA "retain[ed] RTR's services for the collection of [Plaintiffs'] debt." *Compare Compl.* [#1] ¶ 18 *with Response* [#14] at 2.

by BOA, initiated the acceleration clause in April of 2015." *Id.* However, no additional facts are provided in the Complaint regarding this allegation to suggest that it is the basis of a separate claim against RTR. In the next section, titled "General Factual Allegations," Plaintiffs make vague statements regarding BOA's participation in the Troubled Asset Relief Program between 2008 and 2009, and refer to an unrelated case from 2017 involving BOA. *See id.* ¶¶ 7-10. Neither appear to have any relevance to the claims against Defendant RTR. In the penultimate section of the Complaint, titled "Additional Factors," Plaintiffs allege that they contacted Defendants BOA and RTR in September of 2017 to inform them of an error in the legal description of their property but that Plaintiffs "were snubbed by BOA and RTR who both replied, 'We don't care!'" *Id.* ¶¶ 23-24. This allegation appears to be nothing more than a general grievance as Plaintiffs do not identify any law that was allegedly violated or any way in which Plaintiffs were damaged by this event.

Nevertheless, the Complaint does include a section titled "Factual Allegations/Violations of the Colorado Fair Debt Collection Act - RTR," which the Court construes as containing the only claims Plaintiffs bring against Defendant RTR. *See id.* ¶¶ 18-22. In that section, Plaintiffs appear to assert one claim against RTR pursuant to the Colorado Consumer Credit Code (the "Colorado CCC") and a second claim pursuant to the Colorado Fair Debt Collection Practices Act (the "Colorado FDCPA"). *See id.* ¶¶ 18, 20.

The first claim refers to the "CFDCA" but quotes the following language from C.R.S. § 5-3-102 in the Colorado CCC:

> Notice of Assignment. If requested by the consumer, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless the assignee does so, the consumer may pay the creditor.

*Id.* ¶ 18 (quoting "CFDCA: 5-3-102"); *see* C.R.S. § 5-3-102. Pursuant to this claim,

Plaintiffs allege that they "have been badgered for over four years heretofore by RTR, [and that] [their] repeated requests for documentation substantiating that RTR has been assigned by BOA [sic] have been ignored." *Compl.* [#1] ¶ 19.

Plaintiffs' second claim refers to "12-14-109" but quotes the following two sub-provisions from C.R.S. § 5-16-109 in the Colorado FDCPA: "(1)(a) The Amount of the Debt; (1)(b) The name of the creditor to whom the debt is owed[.]" *Id.* ¶ 20; *see* C.R.S. § 5-16-109.[5] Pursuant to this claim, Plaintiffs allege the following:

> Allegation: RTR has sent us numerous letters over the course of four years with inconsistent terminology attached to differentiating dollar amounts due. Some of the terms include 'total amount dues, past amount due, pay one lump sum, amount to resolve the lien', rarely including the standard term for a pay off, "principal balance." Moreover until recently (May of 2018) letters sent from RTR did not include interest or current balance.
>
> As RTR states that it records all phone conversations, it has habitually twisted and changed statements I have made by sending subsequent mailings stating I promised terms that I did not.

*Compl.* [#1] ¶¶ 21, 22 (quotation marks unmodified). In seeking redress from RTR, Plaintiffs request that the Court order RTR "to pay Plaintiffs $25,000 for four years of confusion, uncertainty, threats of foreclosure, and duress -- and its lack of respect for staying within the parameters of the CO Fair Debt Collection Act." *Id.* ¶ 25. Plaintiffs conclude the Complaint by stating:

> BOA and RTR have demonstrated that holding our home as security for the second lien is meaningless to them. Moreover BOA, being in the business of providing home loans, has repeatedly ignored our requests for a modified payment plan -- instead allegedly retaining RTR to repeatedly get us to forward money, regardless of specificity, verification or consistency.

---

[5] The Colorado FDCPA was relocated to Article 16, Title 5 of the Colorado Revised Statutes in 2016.

*Id.* ¶ 26.

On August 1, 2018, RTR filed the instant Motion [#8] pursuant to Fed. R. Civ. P. 12(b)(6). In the Motion, RTR argues that "[t]he Complaint is devoid of any specific factual allegations that could allow RTR or this Court to determine the factual basis for Plaintiffs' claim that RTR violated the Colorado CCC or the Colorado FDCPA." [#8] at 5. RTR further argues that, "to the extent that any of [the other sections in] the Complaint intend to assert a cause of action against RTR, they fail to meet the pleading standards of the Federal Rules of Civil Procedure." *Id.* at 11. Accordingly, based on these arguments, RTR seeks to dismiss with prejudice Plaintiffs' Complaint as to each cause of action against it. *Id.*

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The [C]ourt's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff[s'] complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to

provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff[s']

allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor

does a complaint suffice if it tenders naked assertion[s] devoid of further factual

enhancement." *Id.* (brackets in original, internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in

the complaint "must be enough to raise a right to relief above the speculative level." *Christy*

*Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here

the well pleaded facts do not permit the court to infer more than the mere possibility of

misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader

is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second

brackets added, citation and internal quotation marks omitted).

### III.  Analysis

**A.      Claim Pursuant to C.R.S. § 5-3-102**

As stated above, Plaintiffs' first claim against RTR purports to be brought under the

Colorado FDCPA but quotes C.R.S. § 5-3-102 in the Colorado CCC. *See Compl.* [#1] ¶

18.  That statute provides, in full:

> Notice of Assignment. The consumer is authorized to pay the original
> creditor until the consumer receives notification of assignment of rights to
> payment pursuant to a consumer credit transaction and that payment is to be
> made to the assignee. A notification that does not reasonably identify the
> rights assigned is ineffective. If requested by the consumer, the assignee

must seasonably furnish reasonable proof that the assignment has been made and unless the assignee does so the consumer may pay the original creditor.

C.R.S. § 5-3-102. Plaintiffs allege that RTR violated this provision by failing to give Plaintiffs notice of an 'assignment' from BOA to RTR despite Plaintiffs' repeated requests. *Compl.* [#1] ¶ 19. However, as RTR notes, the only remedy this statute provides when a notice of assignment is not given is that the "consumer may pay the original creditor" until proper notification of the assignment is received. *See Motion* [#8] at 8; C.R.S. § 5-3-102. The statute does not provide a remedy in damages against an assignee for an alleged failure to provide proper notice of an assignment. Indeed, C.R.S. §§ 5-5-201 through 5-5-206, which generally provide consumers' remedies for violations of other sections of the Colorado CCC, do not provide any remedy for violations of C.R.S. § 5-3-102.

In their Response, Plaintiffs first chastise RTR for "erroneously constru[ing] [Plaintiffs'] usage of the word 'assignment' as meaning RTR owned our [second] lien." [#14] at 2. Plaintiffs explain that the use of "assignment" only describes BOA's "retaining RTR's services for the collection of our debt." *Id.* In attempting to address the substance of RTR's arguments, Plaintiffs simply reincorporate the statutory text already quoted in the Complaint and reallege that Defendant RTR failed to give the required notice despite Plaintiffs' demands. *Id.* Plaintiffs do not respond to Defendant RTR's assertion that there is no remedy under the statute and do not direct the Court to any authority stating the legal basis for claims relating to an alleged failure to provide a notice of assignment.[6] *See*

_____

[6] Plaintiffs also dispute the evidence Defendant RTR attaches to their Motion which purports to show that Plaintiffs received the notice of the transfer of servicing rights of which they complain. *See Response* [#14] at 2; *Motion, Ex. B* [#8-2] at 1-3. When considering a motion to dismiss, however, the Court must usually disregard facts supported by documents other than the

*generally Response* [#14]. Accordingly, even when accepting Plaintiffs' allegations as true,

the Court finds that Plaintiffs fail to state a claim pursuant to C.R.S. § 5-3-102 upon which

relief may be granted. *See Sutton*, 173 F.3d at 1236.

Therefore, the Court respectfully **recommends** that the Motion [#8] be **granted** to

the extent that Plaintiffs' claim pursuant to C.R.S. § 5-3-102 against RTR be **dismissed**

**with prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)

("A dismissal with prejudice is appropriate where a complaint fails to state a claim under

Rule 12(b)(6) and granting leave to amend would be futile.").

**B.      Claim Pursuant to C.R.S. § 5-16-109**

Plaintiffs' second claim against RTR is brought pursuant to C.R.S. § 5-16-109 in the

Colorado FDCPA which concerns "debt validation" notices. *See Compl.* [#1] ¶¶ 20-22.

That statute provides in pertinent part:

> (1) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice with the disclosures specified in subsections (1)(a) to (1)(e) of this section. If the disclosures are placed on the back of the notice, the front of the notice shall contain a statement notifying consumers of that fact. The disclosures shall state:
>
>> (a) The amount of the debt;
>>
>> (b) The name of the creditor to whom the debt is owed;
>>
>> . . .

C.R.S. § 5-16-109(1). Here, Plaintiffs only quote subdivisions (a) and (b), alleging that

---

complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). The Court declines to do so here and thus, does not consider this evidence provided by RTR in addressing the instant Motion.

"RTR has sent us numerous letters over the course of four years with inconsistent terminology attached to differentiating dollar amounts due." *Compl.* [#1] ¶¶ 20-21. Plaintiffs further allege that these numerous letters "rarely include[ed] the standard term for a pay off, 'principal balance,'" and, until May of 2018, "did not include interest or current balance." *Id.* ¶ 21. Moreover, Plaintiffs make a general averment that RTR "has habitually twisted and changed statements I have made by sending subsequent mailings stating I promised terms that I did not." *Id.* ¶ 22. In the Motion, RTR argues that Plaintiffs' Colorado FDCPA claim must be dismissed because the Complaint contains nothing more than conclusory allegations that a source of law exists and that law was somehow violated by RTR's conduct. [#8] at 9 (citing *Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544). The Court agrees.

As an initial matter, the Court notes that Plaintiffs' allegations appear to only implicate subdivision (a) of C.R.S. § 5-16-109(1). Plaintiffs do assert that letters from RTR failed to include a current balance until May of 2018. *Id.* ¶ 22. However, Plaintiffs primarily complain of the "terminology" used in these letters and make no allegation in the Complaint concerning whether the letters contained the "name of the creditor to whom the debt is owed." *See id.* ¶¶ 21-22; C.R.S. § 5-16-109(1)(b). Plaintiffs' final allegation regarding statements that were allegedly "twisted and changed" by RTR does not appear to have any relevance to the statute Plaintiffs' cite. *See Compl.* [#1] ¶ 22.

Nevertheless, Defendants are correct in observing that Plaintiffs have failed to attach any of these "numerous letters" to the Complaint, identify any damages Plaintiffs suffered as a result of receiving these letters, and provide any factual detail to indicate which letters were allegedly misleading or inaccurate or the manner in which they violated the statute.

*Id.* Without this information, Defendant RTR cannot be said to have "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the Court is left to only guess the factual basis on which Plaintiffs claim an entitlement to relief. *See* Fed. R. Civ. P. 8(a); *Tuttamore v. Lappin*, 429 Fed. Appx. 687, 689 (10th Cir. 2011) (stating that Rule 8 enables "the court and the defendants to know what claims are being asserted and to determine how to respond to those claims"). In short, the Court agrees with RTR that "Plaintiffs must do more than aver that some unspecified letter sent at some unspecified time was confusing to them in some unspecified manner" to state a claim for relief under the Colorado FDCPA. *Motion* [#8] at 10; *see Eliker v. Nelnet*, No. 17-01208-EFM-GEB, 2018 WL 1566644, at *2 (D. Kan. Mar. 30, 2018) (dismissing a FDCPA claim where plaintiff "recited various statutorily defined violations . . . but failed to provide any factual support for his claim that [defendant] violated those provisions of the [FDCPA]").

Plaintiffs attempt to make up for the Complaint's lack of specific allegations by attaching to their Response nine letters from RTR, dated between April 27, 2015, and June 12, 2018. *See* [#14] at 4-22. Plaintiffs state that these letters demonstrate RTR's "disregard for - and violations of [ ] the [Colorado FDCPA]." *Id.* at 2. Specifically, Plaintiffs claim that some of these letters do not contain the name of the creditor or the debt amount, and include false statements, "[t]hreat[s] of foreclosure," and "[p]ay-off numbers with no amortization details." *Id.*

The Court first notes that Plaintiffs may not effectively amend their Complaint by alleging new facts in their Response to the instant Motion. *See In re Qwest Comm. Intern., Inc.,* 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004). In testing the sufficiency of Plaintiffs'

allegations, the Court is required to evaluate only the allegations made in their Complaint. *See Mobley*, 40 F.3d at 340. Nevertheless, even if these factual allegations were contained in the Complaint, the Court would still find that Plaintiffs have failed to state a claim pursuant to the Colorado FDCPA. Plaintiffs appear to suggest that every letter they have attached must comply with the disclosure requirements set forth in C.R.S. § 5-16-109(1). *See Response* [#14] at 2. However, as the statutory text clearly states, such disclosures are required "within five days after the initial communications with a consumer." C.R.S. 5-16-109(1). No facts are provided in Plaintiffs' Complaint or Response to suggest that Defendant RTR failed to make the statutory disclosures within that time. *See generally Compl.* [#1]; *Response* [#14]. Although the Court must construe the Complaint liberally, the Court cannot "supply additional factual allegations to round out [the pro se litigants'] complaint or construct a legal theory on [their] behalf." *Whitney*, 113 F.3d at 1173-74 (citing *Hall*, 935 F.2d at 1110).

Therefore, the Court respectfully **recommends** that the Motion [#8] be **granted** to the extent that Plaintiffs' claim pursuant to C.R.S. § 5-16-109(1) against RTR be **dismissed without prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding that prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

## C.    Other Potential Claims

Finally, RTR argues that, to the extent that Plaintiffs intend to assert other claims against Defendant RTR in the Complaint, Plaintiffs fail to meet the pleading standards of the Federal Rules of Civil Procedure. *See Motion* [#8] at 10-11. As discussed in Section

I above, the only section of Plaintiffs' Complaint that appears to assert legal claims against RTR is titled "Factual Allegations/Violations of the Colorado Fair Debt Collection Act - RTR." *See Compl.* [#1] ¶¶ 18-22. The remaining sections of the Complaint do not appear to state claims against Defendant RTR as the statements made therein are either not relevant to the alleged conduct of RTR or do not identify any law that was allegedly violated. *See id.* ¶¶ 6, 7-10, 23-24. Moreover, Plaintiffs' Response does not indicate that Plaintiffs are attempting to assert any other claims against Defendant RTR outside of C.R.S. §§ 5-3-102 and 5-16-109(1). *Se generally* [#14].

Accordingly, to the extent that Plaintiffs are attempting to assert causes of action against RTR other than those pursuant to C.R.S. §§ 5-3-102 and 5-16-109(1), the Court finds that Plaintiffs have not complied with Fed. R. Civ. P. 8. *See Carbajal v. City & Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) ("When a complaint falls short of [Rule 8's] requirements, it is 'not the district court's job to stitch together cognizable claims for relief from a wholly deficient pleading[.]'") (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#8] be **GRANTED to the extent** that Plaintiffs' claims against Defendant RTR be **DISMISSED as outlined below** and that Defendant RTR be **DISMISSED from this case**.

If this Recommendation is accepted, Plaintiffs' claim pursuant to C.R.S. § 5-3-102 against Defendant RTR will be **dismissed with prejudice**; and Plaintiffs' claim pursuant

to C.R.S. § 5-16-109(1) against Defendant RTR will be **dismissed without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 14, 2019

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge