IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01654-PAB-KLM

ARCHIE ULM, and
LETICIA ULM,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., and
REAL TIME RESOLUTIONS, INC.,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Bank of America, N.A.'s ("BOA") **Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) and Incorporated Memorandum of Law** [#15][1] (the "Motion"). Plaintiffs, who proceed as pro se litigants,[2] filed a Response [#18] in opposition to the Motion and Defendant BOA filed a Reply [#19]. Plaintiffs then filed a surreply entitled "Plaintiff[s'] Response to Defendant Bank of

---

[1] "[#15]" is an example of the convention the Court uses to identify the docket numbers assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the court "supply additional factual allegations to round out [the pro se litigants'] complaint or construct a legal theory on [their] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

America's [L]atest Motion for Dismissal" [#28] (the "Surreply").[3] The Motion has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c)(3). *See* [#27]. The Court has reviewed the Motion, Response, Reply, Surreply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#15] be **GRANTED**.

## I. Background

Plaintiffs initiated this action against Defendants BOA and Real Time Resolutions, Inc. ("RTR")[4] on June 29, 2018. *See Compl.* [#1]. Generally, Plaintiffs' claims concern a mortgage held by BOA on Plaintiffs' home located in Larimer County, Colorado. *See id.* ¶¶ 1, 5, 26. As explained below, Plaintiffs purport to assert a fraud claim and claims pursuant to the Colorado Fair Debt Collection Practices Act (the "Colorado FDCPA") and the Colorado Consumer Credit Code (the "Colorado CCC") against BOA in relation to BOA's alleged refusal to grant Plaintiffs' request for a loan modification. *See id.* ¶¶ 10, 11-17, 25, 26.

As the Court noted in the Recommendation regarding RTR's Motion to Dismiss [#8], it is difficult to comprehend from the Complaint what specific allegations and claims Plaintiffs are attempting to assert against each Defendant. *See Rec.* [#32] at 2; *see*

---

[3] Plaintiffs filed the Surreply [#28] without properly seeking leave of the Court, i.e., by filing a separate motion. Although the filing of surreplies is not contemplated by the Federal Rules of Civil Procedure or the Court's Local Rules, out of an abundance of fairness to Plaintiffs, the Court has considered the arguments in their Surreply.

[4] On August 1, 2018, Defendant RTR filed a Motion to Dismiss [#8]. A separate Recommendation [#32] was issued with respect to that motion and Plaintiffs' claims against RTR.

*generally Compl.* [#1]. Plaintiffs refer to "Fraud," "Unfair Business Practices," and "Violations of the Colorado Fair Debt Collection Act" in the caption heading of their Complaint. [#1] at 1. In one section, titled "Statute of Limitations," Plaintiffs appear to argue that the statute of limitations on an action concerning a promissory note commences when the acceleration clause of the note is invoked. *Id.* ¶ 6. In the next sentence, Plaintiffs allege that "RTR, presumably retained by BOA, initiated the acceleration clause in April of 2015." *Id.* However, no additional facts are provided in the Complaint regarding this allegation to suggest that it is the basis of a separate claim against BOA. In the penultimate section of the Complaint, titled "Additional Factors," Plaintiffs allege that they contacted Defendants BOA and RTR in September of 2017 to inform them of an error in the legal description of their property but that Plaintiffs "were snubbed by BOA and RTR who both replied, 'We don't care!'" *Id.* ¶¶ 23-24. This allegation appears to be nothing more than a general grievance as Plaintiffs do not identify any law that was allegedly violated or any way in which Plaintiffs were damaged by this event.

Although not entirely clear, Plaintiffs appear to assert a fraud claim against BOA in the section titled "General Factual Allegations." *See id.* ¶¶ 7-10. There, Plaintiffs make vague statements regarding BOA's participation in the Troubled Asset Relief Program and a "Service Participation Agreement with the Federal Government" which, according to Plaintiffs, "requir[ed] [BOA] to use reasonable efforts to [ ] effectuate any modification of a mortgage loan under the Program." *Id.* ¶¶ 7-8 (internal quotation marks omitted). Plaintiffs then outline certain requirements a homeowner must satisfy to qualify for this "Program." *Id.* ¶ 9. Plaintiffs then cite an unrelated case, "Torres v. Bank of America (Case 8:17-cv-01534-RAL-TBM)," in which, according to Plaintiffs, "BOA was found guilty of [ ]

-3-

'trying to prevent as many homeowners as possible from obtaining permanent loan modifications while leading the public and the government to believe that it was making efforts to comply.'"[5]  *Id.* ¶ 10.  To conclude this section, Plaintiffs state: "BOA employed a scheme to falsely advise borrowers they had to be in default on their mortgage [ ] in order to qualify for a modification.  We are victims of BOA's fraud."  *Id.*

Plaintiffs more clearly state two additional claims against BOA in the section titled "Factual Allegations/Violations of the Colorado Fair Debt Collections Act - BOA."  *Id.* ¶¶ 11-17.  In that section, Plaintiffs purport to assert claims against BOA pursuant to the Colorado FDCPA.  *Id.*  However, Plaintiffs cite two provisions found in the Colorado CCC.  *Id.* ¶¶ 11, 13-16.

The first claim refers to "CFDCPA: 5-3.1-122" but quotes C.R.S. § 5-3.1-121 which is found in the Colorado CCC: "No person shall engage in unfair or deceptive acts, practices or advertising in connection with a deferred deposit loan."  *Id.* ¶ 11; *see* C.R.S. § 5-3.1-121.  Pursuant to this claim, Plaintiffs allege the following:

> Allegation: In January of 2012, we (Plaintiffs) contacted BOA via telephone numerous times requesting a loan modification on the 2nd lien it holds on our home.  We explained our hardship involving loss of employment and income, and that we met the requirements for a HAMP modification.  At the completion of several phone conversations with BOA representatives, we were told that BOA would not consider us for a loan modification unless we were at least three months delinquent with our payments.  BOA failed to respond to our subsequent inquires via telephone.

*Compl.* [#1] ¶ 12.  Plaintiffs' second claim refers to "CFDCPA: 5-3.5-103(b)," but quotes the following language from C.R.S. § 5-3.5-103(b) in the Colorado CCC:

---

[5] In their Response, Plaintiffs assert that the statements in the Complaint regarding BOA's connection to the Troubled Asset Relief Program and the unrelated case serve as "circumstantial evidence" to support their claims. [#18] at 2.

> (b)(I) A lender may not make a covered loan to a consumer based on the consumer's collateral without regard to the consumer's repayment ability, including the consumer's current and expected income, current obligations, and employment.
>
> (b)(II) There is a presumption that a creditor has violated this paragraph (b) if the creditor engages in a pattern or practice of making loans subject to CFR 226.32 without verifying and documenting consumers' repayment abilities.
>
> (g) No recommending default. No lender shall recommend or encourage [default] on an existing loan or other debt prior to [and] in connection with the [closing or] planned closing of a covered loan that refinances all or any portion of such existing loan or debt.

*Id.* ¶¶ 14-16 (internal quotation marks omitted); *see* C.R.S. § 5-3.5-103. Pursuant to this claim, Plaintiffs allege the following:

> Allegation: On numerous occasions in September of 2009, BOA had mailed us blank checks with accompanying letters stating that we could withdraw up to $150,000; we were never asked to provide verification of income, creditor reports, or monthly obligations. The epitome of [ ] dangling a juicy bone in front of a hungry dog.

*Id.* ¶ 17 (internal quotation marks omitted). In seeking relief from BOA, Plaintiffs request that the Court order BOA "to pay Plaintiffs $186,134.81 (amount RTR demands for [second] lien) for six years of duress, uncertainty, and punitive damages for its habitual disregard for our seeking a loan modification -- and its disregard for the Colorado Fair Debt Collection Act." *Id.* ¶ 25. Plaintiffs appear to further request that the Court order Larimer County and the Mortgage Electronic Registration System to delete BOA's second lien on Plaintiffs' home and property. *Id.* Plaintiffs conclude the Complaint by stating:

> BOA and RTR have demonstrated that holding our home as security for the second lien is meaningless to them. Moreover BOA, being in the business of providing home loans, has repeatedly ignored our requests for a modified payment plan -- instead allegedly retaining RTR to repeatedly get us to forward money, regardless of specificity, verification or consistency.

*Id.* ¶ 26.

On August 22, 2018, BOA filed the instant Motion [#15] pursuant to Fed. R. Civ. P. 12(b)(6). In the Motion, BOA argues that "Plaintiffs' Complaint lacks the required specificity to state any claim as against [BOA] [and that] [t]he claims are wholly conclusory and unsupported by factual allegations." [#15] at 1. For the reasons set for below, BOA seeks to dismiss each claim asserted against it with prejudice. *Id.* at 7.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The [C]ourt's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff[s'] complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff[s'] allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff[s] plead[ ] factual content that allows

the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original, internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added, citation and internal quotation marks omitted).

### III. Analysis

In the Motion [#15], BOA makes two arguments for why Plaintiffs' claims against it should be dismissed with prejudice.[6] First, BOA argues that all of Plaintiffs' claims relating to alleged conduct in 2009 and 2012 are time-barred by the applicable statutes of limitations. *Motion* [#15] at 3-4. Second, to the extent that Plaintiffs' claims are not time-barred, BOA argues that Plaintiffs fail to state a claim for fraud, violations of the Colorado FDCPA, and violations of the Colorado CCC. *Id.* at 5-7. The Court will address each

---

[6] To the extent that Plaintiffs are asserting a cause of action for "unfair business practices," BOA construes this claim as arising from the Colorado FDCPA and/or the Colorado CCC. *Motion* [#15] at 4. Plaintiffs do not appear to dispute this in their Response [#18] or Surreply [#28]. Therefore, the Court accepts this construction of Plaintiffs' "unfair business practices" claim as referring to BOA's alleged violation of the Colorado FDCPA and/or the Colorado CCC.

argument in turn.

## A. Statutes of Limitations and Alleged Conduct in 2009 and 2012

First, BOA argues that the relevant statutes of limitations bar Plaintiffs' claims for fraud, violations of the Colorado FDCPA, and violations of the Colorado CCC to the extent that these claims arise from alleged conduct that occurred in either 2009 or 2012. In their Response, Plaintiffs argue that their claims are not time-barred and are governed by a six-year statute of limitations which accrued from the date BOA "invoked the acceleration clause of [Plaintiffs'] promissory note." [#18] at 1.

An affirmative defense based on the statute of limitations can be resolved in a Rule12(b)(6) motion to dismiss if the relevant dates are clear from the face of the complaint. *Aldrich v. McCulloch Prop. Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Because Plaintiffs invoke the parties' diversity of citizenship as the basis of the Court's subject matter jurisdiction in this case, the Court applies Colorado law, including Colorado law relating to statutes of limitations. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945) (holding that statutes of limitations are considered substantive matters for purposes of the *Erie* doctrine). "Whether a [Colorado] statute of limitations bars a particular claim is a question of fact," but the issue may be decided as a matter of law "if undisputed facts demonstrate that the plaintiff[s] had the requisite information as of a particular date." *Burns v. Mac*, No. 13-cv-2109-WJM-KLM, 2014 WL 1242032, at *11 (D. Colo. Mar. 26, 2014) (citing *Trigg v. State Farm Mut. Auto. Ins. Co.*, 129 P.3d 1099, 1101 (Colo. App. 2005)). Generally, a cause of action will accrue "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13 80 108(1) (2018). "The critical inquiry of when an action accrues is knowledge of the facts

essential to the cause of action, not knowledge of the legal theory upon which the action may be brought." *Gates Corp. v. CRP Indus., Inc.*, No. 16-cv-01145-KLM, 2017 WL 5714342, at *3 (D. Colo. Nov. 28, 2017) (quoting *Gognat v. Ellsworth*, 224 P.3d 1039, 1045 (Colo. Ct. App. 2009)).

Under Colorado law, the statutes of limitations for fraud and violations of the Colorado CCC are three years after the cause of action accrues. C.R.S. § 13-80-101(c), (g). A cause of action for fraud accrues "on the date such fraud . . . is discovered or should have been discovered by the exercise of reasonable diligence." C.R.S. § 13-80-108(3); *see VanPortfliet v. Carpet Direct Corp.*, No. 16-cv-00616-PAB-KMT, 2017 WL 1023380, at *4 (D. Colo. Mar. 15, 2017) (quoting *Hansen v. Lederman*, 759 P.2d 810, 812 (Colo. App. 1988) ("[T]he three-year statute of limitations [for fraud claims] begins to run when the defrauded person has knowledge of facts which in the exercise of proper prudence and diligence would enable him to discover the fraud perpetrated against him.") (brackets in the original)). Pursuant to the Colorado FDCPA, "[a] private action to enforce any liability created by this section must be brought in any court of competent jurisdiction within one year from the date on which the violation occurs." C.R.S. § 5-16-113(5).[7]

Here, taking the limited factual allegations against BOA in the Complaint [#1] collectively, Plaintiffs appear to base their claims on conduct that occurred in 2009 or 2012.[8] Plaintiffs first allege that in 2012 BOA failed to respond to Plaintiffs' inquiries

---

[7] The Court notes that BOA cites C.R.S. § 5-16-125.5 to argue that Plaintiffs' claims under the Colorado FDCPA must be brought within two years of accrual. *See Motion* [#15] at 4, *Reply* [#19] at 3. However, that provision and limitations period only apply to enforcement actions by the administrator of the Colorado CCC. *Compare* C.R.S. § 5-16-125.5 *with* C.R.S. § 5-16-113(5).

[8] The Complaint does contain a more recent allegation from September of 2017 regarding Plaintiffs' attempt to contact BOA and RTR about an error in the legal description of their property.

regarding a loan modification and advised Plaintiffs that they would not be considered for a loan modification until they were three months delinquent on payments. *Compl.* [#1] ¶ 12. Plaintiffs further allege that "[o]n numerous occasions in September of 2009," BOA mailed Plaintiffs "blank checks with accompanying letters stating that we could withdraw up to $150,000" but failed to ask Plaintiffs for income verification, credit reports, or monthly obligations. *Id.* ¶ 17. Accordingly, to the extent that Plaintiffs' claims arise from BOA's alleged conduct in 2009 or 2012, Plaintiffs had until 2010 or 2013 to bring claims for violations of the Colorado FDCPA and until 2012 or 2015 to bring claims for fraud and violations of the Colorado CCC. Plaintiffs filed suit in 2018 and therefore their claims are time-barred.

When the dates provided in a complaint clearly demonstrate that the right to sue has been extinguished, "plaintiff[s] [have] the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4. Plaintiffs have not made any argument regarding tolling in the Complaint [#1], in their Response [#18], or Surreply [#28]. Instead, Plaintiffs contend that their claims are not time-barred because, according to Plaintiffs, their claims are governed by a six-year statute of limitations which accrued from the date BOA "invoked the acceleration clause of [Plaintiffs'] promissory note." *Response* [#18] at 1; *see also Compl.* [#1] ¶ 6. Pursuant to this argument, the Complaint [#1] indicates that BOA invoked the acceleration clause of Plaintiffs' promissory note in April of 2015. [#1] ¶ 6. In their Response and Surreply, however, Plaintiffs confusingly state that they have since

---

[#1] ¶¶ 23-24. However, as stated in Section I, this allegation does not appear to serve as the basis for any claim given that Plaintiffs do not identify any law that was allegedly violated or any way in which Plaintiffs were damaged.

learned that the "initial acceleration of [Plaintiffs'] debt occurred in two letters dated October 23, 2017 and March 30, 2018." *Response* [#18] at 1; *see Surreply* [#28] at 1.

Construing Plaintiffs' argument liberally, it appears that Plaintiffs have mistakenly relied on C.R.S. §§ 13-80-103.5 and 13-80-108(4) in asserting that their claims are governed by a six-year statute of limitations. As BOA succinctly explains, *Reply* [#19] at 2-3, C.R.S. § 13-80-103.5 "applies a six[-]year statute of limitations to specified types of actions to *recover a debt*, including all actions to enforce the rights set forth in an instrument *securing the payment of debt*[.]" *Hassler v. Account Brokers of Larimer Cty., Inc.*, 274 P.3d 547, 552 (Colo. 2012) (emphasis added); *see* C.R.S. § 13-80-103.5(1)(a); *Castle Rock Bank v. Team Transit, LLC*, 292 P.3d 1077 (Colo. App. 2012). In turn, C.R.S. § 13-80-108(4) provides that actions to *recover* a "debt, obligation, money owed, or performance shall be considered to accrue on the date such debt, obligation, money owed, or performance becomes due." "[C]onstruing sections 13-80-103.5(1)(a) and 13-80-108(4) together, the statute of limitations *for a debt owed* pursuant to the rights set forth in a security instrument for the repayment of debt begins to run when the action accrues, which occurs on the date that the debt becomes due." *Hassler*, 274 P.3d at 552 (emphasis added). Therefore, in an action to recover a debt, the six-year statute of limitations can be triggered when an acceleration clause is invoked and the entire remaining balance of the loan immediately becomes due. *Id.* at 553.

In this case, however, Plaintiffs are attempting to assert claims for fraud and violations of the Colorado FDCPA and Colorado CCC which are governed by separate statutes of limitations as discussed above. There is no indication that Plaintiffs are attempting to collect a debt from BOA and, in fact, Plaintiffs' claims appear to relate to

BOA's efforts to collect a debt from Plaintiffs. In support of their argument that the applicable statute of limitations is six years, Plaintiffs cite the following two cases: *Bird v. Real Time Resolutions, Inc.*, No. 16-cv-04614-EJD, 2017 WL 661375 (N.D. Cal. Feb. 17, 2017); and *Garver v. Brace*, 55 Cal. Rptr. 2d 220 (Cal. Ct. App. 1996). *Compl.* [#1] ¶ 6; *Response* [#18] at 1. *Bird v. Real Time Resolutions, Inc.* is a decision from the Northern District of California and *Garver v. Brace* is an appellate decision from California. Neither case applies Colorado law and neither case supports the argument that invoking an acceleration clause has any relation to the statutes of limitations applicable to the claims Plaintiffs are attempting to assert here. To the extent that these cases have any bearing on the present dispute, they simply stand for the same proposition that an action to recover a debt accrues when the debt becomes due. *See Bird*, 2017 WL 661375, at *3 (stating that "when the contract contains an acceleration clause, 'the statute does not begin to run on installments not yet due until the creditor, by some affirmative act, manifests his election to declare the entire sum due.'") (quoting *Garver*, 55 Cal. Rptr. 2d 223)).

Accordingly, to the extent that Plaintiffs' claims for fraud and violations of the Colorado FDCPA and Colorado CCC are premised on BOA's alleged conduct in 2009 and 2012, the Court finds from the face of the Complaint [#1] that these claims are time-barred and that Plaintiffs have failed to provide any factual basis for tolling the statute of limitations. Therefore, the Court respectfully **recommends** that Plaintiffs' claims against BOA be **dismissed with prejudice on the basis of the statutes of limitations** to the extent that the claims arise from alleged conduct in 2009 and 2012. *See Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010) (affirming dismissal with prejudice of claims as barred

by statute of limitations).

## B. Potential Claims Outside the Statutes of Limitations

BOA next argues that, to the extent that Plaintiffs' claims relate to allegations of facts occurring within the applicable statutes of limitations, Plaintiffs (1) fail to plead a fraud claim pursuant to the heightened pleading standard of Fed. R. Civ. P. 9(b), and (2) fail to state a claim pursuant to either the Colorado FDCPA or Colorado CCC. *Motion* [#15] at 5-7.

### 1. Fraud Claim

It is unclear whether Plaintiffs' fraud claim is premised on any conduct that occurred within the three-year statute of limitations, as Plaintiffs do not provide dates when discussing BOA's alleged fraud. *See Compl.* [#1] ¶ 10. In light of this, and in the interest of completeness, the Court addresses BOA's argument and agrees that Plaintiffs have failed to state a claim for fraud with the specificity required by Fed. R. Civ. P. 9(b).

Pursuant to Colorado law, plaintiffs seeking to state a fraud claim must plead five elements: "(1) that the defendant made a false representation of a material fact; (2) that the one making the representation knew it was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that the reliance resulted in damage to the plaintiff." *Bristol Bay Productions, LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013) (citation omitted).

Additionally, fraud claims are subject to Fed. R. Civ. P. 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To state a fraud claim with sufficient particularity, a complaint must "'set forth the time, place and contents of the false representation, the

identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)). "At a minimum, Rule 9(b) requires that [ ] plaintiff[s] set forth the 'who, what, when, where and how' of the alleged fraud." *U.S. ex rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902, at *3 (10th Cir. 2000) (unpublished table decision) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1998)). Broadly, "Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff[s'] claims and the factual ground upon which they are based[.]" *Koch*, 203 F.3d at 1236 (quotation marks, internal brackets, and citation omitted).

Here, Plaintiffs vaguely refer to BOA's involvement in the Troubled Asset Relief Program and an unrelated case from 2017 which, according to Plaintiffs, serves as "circumstantial evidence" of BOA's alleged fraud. *See Compl.* [#1] ¶¶ 7-10; *Response* [#18] at 2. However, the Complaint itself contains nothing more than a single conclusory allegation that Plaintiffs "are victims of BOA's fraud" because BOA "employed a scheme to falsely advise borrowers they had to be in default on their mortgage [ ] in order to qualify for a [loan] modification." *Compl.* [#1] ¶ 10. Plaintiffs fail to allege a single false statement with any specificity, much less the date, the speaker, or the context. This allegation, without more, is inadequate to give BOA "fair notice of . . . the factual ground upon which [Plaintiffs' fraud claim is] based[.]" *Koch*, 203 F.3d at 1236.

Accordingly, the Court respectfully **recommends** that Plaintiff's fraud claim against BOA be **dismissed without prejudice pursuant to Fed. R. Civ. P. 9(b)** to the extent that

-14-

this claim arises from conduct within the three-year statute of limitations period. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should not attach to a dismissal when plaintiffs have made allegations "which, upon further investigation and development, could raise substantial issues").

### 2. Colorado FDCPA and Colorado CCC Claims

Unlike Plaintiffs' fraud claim, the Court finds no basis to construe the Complaint [#1] as asserting violations of the Colorado FDCPA or Colorado CCC within the applicable statutes of limitations period. Plaintiffs purport to bring claims pursuant to the Colorado FDCPA but cite statutory provisions found in the Colorado CCC. *See Compl.* [#1] ¶¶ 11, 13-16. The only factual allegations Plaintiffs provide in connection with these claims involve the alleged conduct from 2009 and 2012 which, as discussed in Subsection A, places any cause of action under the Colorado FDCPA or Colorado CCC well outside of the corresponding statutes of limitations. *Id.* ¶¶ 12, 17; *see* C.R.S. §§ 5-16-113(5), 13-80-101(g). There is no indication elsewhere in the Complaint [#1] or in Plaintiffs' Response [#18] and Surreply [#28] that BOA allegedly violated these statutes after 2012. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Tuttamore v. Lappin*, 429 F. App'x. 687, 689 (10th Cir. 2011) (explaining that Rule 8 enables "the court and the defendants to know what claims are being asserted and to determine how to respond to those claims").

Accordingly, to the extent that BOA believes Plaintiffs are asserting claims pursuant to the Colorado FDCPA and Colorado CCC for actions taken by BOA within the applicable statutes of limitations period, the Court finds that Plaintiffs have not done so by failing to

comply with Fed. R. Civ. P. 8. *See Carbajal v. City & Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) ("When a complaint falls short of [Rule 8's] requirements, it is 'not the district court's job to stitch together cognizable claims for relief from a wholly deficient pleading[.]'") (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#15] be **GRANTED** to the extent that Plaintiffs' claims against Defendant BOA be **DISMISSED as outlined below** and that Defendant BOA be **DISMISSED from this case**.

If this Recommendation is accepted, Plaintiffs' claims pursuant to the Colorado FDCPA and Colorado CCC will be **dismissed with prejudice on the basis of the statutes of limitations**; and Plaintiffs' fraud claim will be **dismissed with prejudice on the basis of the statute of limitations** to the extent that it arises from alleged conduct in 2009 and 2012, and **dismissed without prejudice pursuant to Fed. R. Civ. P. 9(b)** to the extent that it arises from alleged conduct within the three-year statute of limitations period.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 22, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge