IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01654-PAB-KLM

ARCHIE ULM and
LETICIA ULM,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., and
REAL TIME RESOLUTIONS, INC.,

    Defendants.

---

# ORDER

---

This matter comes before the Court on the Recommendations of the United States Magistrate Judge [Docket Nos. 32, 33] filed on February 14, 2019 and February 22, 2019. The magistrate judge recommends that the Court grant defendants' motions to dismiss plaintiffs' claims under the Colorado Fair Debt Collection Practices Act ("CFDCPA") and the Colorado Consumer Credit Code ("CCC"). Docket Nos. 32, 33. Plaintiffs filed an objection to the recommendations on February 28, 2019. Docket No. 34.

## I. BACKGROUND

This case relates to a mortgage held by defendant Bank of America, N.A. ("BOA") on plaintiff's real property in Larimer County, Colorado. Docket No. 1 at 1-2, 4, ¶¶ 1, 5, 26. As summarized in the magistrate judge's recommendation, plaintiffs' complaint appears to assert three claims against BOA: (1) a claim for fraud, based on

BOA's "scheme to falsely advise borrowers they had to be in default on their mortgage . . . in order to qualify for a modification," *id.* at 2, ¶ 10; (2) a claim for unfair or deceptive practices under Colo. Rev. Stat. § 5-3.1-121 based on BOA's representation that it would not "consider [plaintiffs'] for a loan modification unless [they] were at least three months delinquent with [their] payments," *id.*, ¶ 12; and (3) a claim under Colo. Rev. Stat. § 5-3.5-103(b) for allegedly offering plaintiffs a loan on their real property without verifying their ability to pay. *Id.* at 2-3, ¶¶ 13-17; *see also* Docket No. 33 at 3-5 (summarizing plaintiffs' claims against BOA). With regard to defendant Real Time Resolutions, Inc. ("RTR"), plaintiffs appear to assert two claims for relief: (1) a claim under the CCC based on RTR's failure to "furnish reasonable proof" of assignment as required by Colo. Rev. Stat. § 5-3-102, Docket No. 1 at 3, ¶¶ 18-19; and (2) a claim under the CFDCPA based on RTR's failure to provide the disclosures required under Colo. Rev. Stat. § 5-16-109. *Id.* at 3, ¶¶ 20-21; *see also* Docket No. 32 at 3-4 (summarizing plaintiffs' claims against RTR). On August 1, 2018 and August 22, 2018, RTR and BOA filed separate motions to dismiss asserting that plaintiffs' allegations were either time-barred by the applicable statutes of limitation, Docket No. 15 at 3-4, or insufficient to state a claim for relief. Docket No. 8 at 6-11; Docket No. 15 at 5-8.

      On February 4, 2019, the magistrate judge recommended that the Court grant RTR's motion to dismiss. Docket No. 32 at 12. The magistrate judge determined that plaintiffs' allegations with respect to RTR's alleged failure to comply with Colo. Rev. Stat. § 5-3-102 did not state a claim upon which relief could be granted and recommended dismissal of that claim with prejudice. Docket No. 32 at 8. With respect to plaintiffs' second claim against RTR, the magistrate judge found that plaintiffs had

not alleged any facts demonstrating that RTR had failed to make the required disclosures under Colo. Rev. Stat. § 5-16-109. *Id.* at 11. The magistrate judge recommended that the Court dismiss plaintiff's second claim against RTR without prejudice. *Id.*

On February 22, 2019, the magistrate judge issued a separate recommendation that the Court grant BOA's motion to dismiss. Docket No. 33. The magistrate judge found plaintiffs' fraud claim insufficiently pled and the CFDCPA and CCC claims barred by the applicable statutes of limitation. *Id.* at 10-14. The magistrate judge recommended dismissal with prejudice as to all claims except the fraud claim to the extent it was based on conduct occurring within the limitations period. *Id.* at 16. Plaintiffs filed a timely objection to the magistrate judge's recommendations on February 28, 2019.[1]

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In the absence of a proper objection, the Court reviews the magistrate judge's

---

[1]Plaintiffs do not specify which of the magistrate judge's recommendations they are objecting to. *See* Docket No. 34 at 1 (requesting reversal of the magistrate judge's "Recommendation to Dismiss"). However, because plaintiffs are proceeding *pro se* in this matter, the Court will construe their objection as relating to the magistrate judge's recommendations on both motions to dismiss.

recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Because plaintiffs are proceeding *pro se*, the Court construes their objection and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

Plaintiffs assert three objections to the magistrate judge's recommendations.[3]

First, plaintiffs argue that the magistrate judge's characterization of the complaint as having been "cobbled together from various sources" gives "the impression of bias towards pro se plaintiffs." Docket No. 34 at 1, ¶ 1. This argument is without merit. The magistrate judge's thorough consideration of plaintiffs' allegations belies any suggestion of bias.

Plaintiffs also contend that they have provided the Court with letters sent to plaintiffs by RTR. *See* Docket No. 34 at 1, ¶¶ 1-2. However, plaintiffs' general statement that these letters constitute "evidence of Real Time Resolution's violations of the Colorado Fair Debt Collection Act" is not an objection to any portion of the magistrate judge's recommendations and will therefore be disregarded. *See* Fed. R. Civ. P. 72(b)(2) (permitting parties to file "*specific* written objections to the proposed

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[3]In their objection, plaintiffs also request that the Court "schedule a Settlement Conference/Dispute Resolution meeting with all parties in this matter." Docket No. 34 at 1, ¶ 3. Given the Court's finding that defendants are entitled to dismissal, plaintiffs' request for mediation will be denied as moot.

4

findings and recommendations" within fourteen days (emphasis added)); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").[4]  Plaintiffs make a more specific argument regarding "letter number 9 (nine) whereby RTR specifically threaten[ed] to seize [their] home via foreclosure, when it had/has neither the legal authority or authorization to do so."  Docket No. 34 at 1, ¶ 2.  But this statement does not clearly relate to either of the two claims asserted against RTR in the complaint, *see* Docket No. 1 at 3, ¶¶ 18-22 (alleging that RTR failed to provide proper notice of the assignment, the amount of the debt, and the name of the creditor to whom the debt is owed), or to the magistrate judge's recommendation on those claims.[5]

Construed liberally, plaintiffs' reference to letter number nine may pertain to their request that the Court "accept and consider [their] erroneous omission, in [their] initial Complaint, of RTR's violation of C.R.S.A. 5-16-108."  Docket No. 34 at 1, ¶ 4.  The cited portion of the statute provides that "[a] debt collector or collection agency shall not use unfair or unconscionable means to collect or attempt to collect any debt, including . . . [t]aking or threatening to take any nonjudicial action to effect dispossession or

---

[4]In any event, it appears that the magistrate judge already considered the letters submitted by plaintiffs and determined that they did not support a claim under the CFDCPA.  *See* Docket No. 32 at 10-11.

[5]Notably, letter number nine does not undermine the magistrate judge's findings that plaintiffs' allegations under Colo. Rev. Stat. § 5-3-102 fail to state a claim upon which relief may be granted, Docket No. 32 at 8, and that plaintiffs have not provided any facts demonstrating that RTR failed to make the disclosures required by Colo. Rev. Stat. § 5-16-109 within the requisite time frame.  Docket No. 32 at 11.

disablement or property if (I) There is no present right to possession of the property claimed as collateral through an enforceable security interest; (II) There is no present intention to take possession of the property; or (III) The property is exempt by law from such dispossession or disablement." Colo. Rev. Stat. § 5-16-108(f). Plaintiffs appear to assert that RTR violated the statute by threatening to initiate foreclosure proceedings on plaintiffs' home despite RTR's lack of legal authorization to do so. Docket No. 34 at 1, ¶ 2. As plaintiffs acknowledge, however, no such claim was asserted in the complaint, *see id.* at 1, ¶ 4 (noting complaint's "erroneous omission . . . of RTR's violation of C.R.S.A. 5-16-108"); *see also* Docket No. 32 at 12 (noting that "Plaintiffs' response does not indicate that Plaintiffs are attempting to assert any other claims against Defendant RTR outside of C.R.S. §§ 5-3-102 and 5-16-109(1)"), and the Court will not allow plaintiffs to amend their allegations by way of an objection to the magistrate judge's recommendation. *See In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1205 (D. Colo. 2004). Plaintiffs' objection is therefore overruled.

## IV. UNOBJECTED-TO RULINGS

As for the unobjected-to portions of the recommendations, in the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the unobjected-to portions of

the recommendations and satisfied itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendations of United States Magistrate Judge [Docket Nos. 32, 33] are **ACCEPTED**. It is further

**ORDERED** that Defendant Real Time Resolutions Inc.'s Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) and Incorporated Memorandum of Law [Docket No. 8] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) and Incorporated Memorandum of Law [Docket No. 15] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that plaintiffs' claim against defendant Real Time Resolutions, Inc. pursuant to Colo. Rev. Stat. § 5-3-102 is dismissed with prejudice. It is further

**ORDERED** that plaintiffs' claim against defendant Real Time Resolutions, Inc. pursuant to Colo. Rev. Stat. § 5-16-109(1) is dismissed without prejudice. It is further

**ORDERED** that plaintiffs' CFDCPA and CCC claims against defendant Bank of America, N.A. are dismissed with prejudice. It is further

**ORDERED** that plaintiffs' fraud claim against defendant Bank of America, N.A. is dismissed with prejudice to the extent it arises from conduct occurring in 2009 and 2012. It is further

**ORDERED** that plaintiffs' fraud claim against defendant Bank of America, N.A. is

dismissed without prejudice to the extent it arises from conduct occurring within the three-year statute of limitations period. It is further

**ORDERED** that, within fourteen days of this order, plaintiffs may seek leave to amend their complaint solely with respect to the following claims: (1) plaintiffs' claim against defendant Real Time Resolutions, Inc. under Colo. Rev. Stat. § 5-16-109(1); (2) plaintiffs' fraud claim against defendant Bank of America, N.A. to the extent it arises from conduct occurring within the three-year statute of limitations period. If plaintiffs do not seek leave to amend their complaint within fourteen days of this order, this case will be closed.

DATED March 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge